1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

## SOUTHERN DISTRICT OF CALIFORNIA

10
11
12
13
14
15

3:12-CR-04193-LAB/

JOSE TRANSITO SOTO-FLORES,          CASE NO. 3:14-CV-01270-LAB

                           Petitioner,      **ORDER DENYING FEDERAL**
        vs.                                 **HABEAS PETITION**

UNITED STATES OF AMERICA,

                           Respondent.

16
17
18
19
20
21
22
23
24
25
26
27
28

On October 16, 2012, Soto-Flores pleaded guilty to being a deported alien found in the United States, a violation of 8 U.S.C. § 1326.  *See* Case No. 12-CR-4193, Doc. Nos. 9–12.  On February 11, 2013, the Court sentenced him to 30 months in prison and 3 years of supervised release, and judgment was entered on February 14, 2013.  *Id.* at Doc. No. 22. Over one year later, on May 21, 2014, Soto-Flores filed a federal habeas petition seeking to vacate his conviction and sentence, pursuant to 28 U.S.C. § 2255.  The petition is **DENIED**.

Soto-Flores's petition is light on argument, but he claims there is federal law that would allow him to apply for citizenship and that would lead to his crime of illegal reentry being "null and void."  (Pet. at 3.)  Perhaps aware that his judgment of conviction was finalized over one year ago, he says "I have just learned of federal law that would allow me to apply for citizenship in the United States of America."  *Id*.  He doesn't identify this federal

law, nor does he say when it took effect, so it's not clear if the law is truly new or simply new to Soto-Flores.  It is also far from clear that this law even exists.

In any event, Soto-Flores's petition is plainly untimely and barred by the statute of limitations.  He had one year from the date his conviction became final to file the petition. 28 U.S.C. §2255(f)(1).  Because he didn't appeal his conviction, it became final just fourteen days after judgment was entered, when the time for filing a notice of appeal expired.  *See Randle v. Crawford*, 604 F.3d 1047, 1058 (9th Cir. 2010).  His petition was therefore due by no later than February 28, 2014, and he filed it in May, 2014.  Soto-Flores may try to invoke § 2255(f)(4) and the exercise of "due diligence" to delay the starting date of the limitations period, but § 2255(f)(4) "is directed at the discovery of new facts, not newly-discovered law." *Phillips v. United States*, 734 F.3d 573, 580 (6th Cir. 2013).  *See also Harper v. United States*, 2012 WL 32920 at *3 (M.D. Pa. Jan. 6, 2012).  Moreover, there is absolutely no authority for Soto-Flores's idea that habeas relief is available to someone who was fairly and finally convicted of an immigration offense yet now maintains that he has discovered a route to United States citizenship.  That certainly isn't encompassed in the bases for relief articulated in the federal habeas statute.  *See* 28 U.S.C. § 2255(a).

Wholly apart from the timeliness and merits of Soto-Flores's petition, in his plea agreement with the United States he waived his right to collaterally attack his conviction and sentence, except for a post-conviction collateral attack alleging ineffective assistance of counsel.  *See* Case No. 12-CR-4193, Doc. No. 12 at 10.   This waiver is valid and subject to strict enforcement, and it certainly encompasses his present claim that he is actually entitled to become a United States citizen and have his conviction for illegal reentry wiped out.  *See United States v. Ramirez-Cardinez*, 2014 WL 1329759 at *1 (E.D. Cal. Apr. 1, 2014) (citing *United States v. Navarro-Botello*, 912 F.2d 318, 321 (9th Cir. 1990); *United States v. Abarca*, 985 F.2d 1012, 1014 (9th Cir. 1993)).  The plea agreement specifies that Soto-Flores is a Mexican citizen and "has never been a citizen or national of the United States."  Case No. 12-CR-4193, Doc. No. 12 at 3.  On this concession alone, his habeas petition is a non-starter.

In addition to his petition to vacate, Soto-Flores attached a "Request for Assistance," a handwritten letter in Spanish, an article from a Los Angeles newspaper, and an article from a Mexican newspaper.  While not articulated in his actual habeas petition, these documents allege that Soto-Flores was raped, tortured, and beat up while in custody at the Los Angeles County Jail.  (Pet. at 8-17.)  This may be the basis of a civil rights lawsuit under 42 U.S.C. § 1983, but it's no basis for federal habeas relief.   Further, Soto-Flores may not communicate with the Court in Spanish—at least in writing.  *See* Civil Local Rule 5.1(a).

Soto-Flores's motion to vacate his conviction and sentence under 28 U.S.C. § 2255 is **DENIED**.  Not only is it time-barred, but the specific claim that Soto-Flores advances was waived under his plea agreement and is meritless under the law.  The Court further **DENIES** Soto-Flores a certificate of appealability.  *See Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

**IT IS SO ORDERED**.

DATED:  July 16, 2014

**HONORABLE LARRY ALAN BURNS**
United States District Judge